Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001017
30-JUN-2017
08:09 AM

NO. CAAP-14-0001017

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THADDEAUS ZIEMLAK, Successor Trustee of the Marguerite M.
Ziemlak Revocable Living Trust, Plaintiff-Appellee, v.
JI WON KEELEY, Defendant/Third-Party Plaintiff-Appellant,
and ESTATE OF STANLEY F. ZIEMLAK, Defendant-Appellee, and
JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20,
DOE LIMITED LIABILITY COMPANIES 1-20, and
DOE ENTITIES 1-20, Defendants, v. FIRST HONOLULU
SECURITIES, INC., Third-Party Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2576)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Ginoza, J.;
and Nakamura, Chief Judge, dissenting)

Defendant-Appellant Ji Won Keeley (**Keeley**) appeals from

a July 9, 2014 Judgment (**Final Judgment**), which was entered

against Keeley and in favor of Plaintiff-Appellee Thaddeus

Ziemlak, as Successor Trustee of the Marguerite M. Ziemlak

Revocable Living Trust (**Thaddeus**),[1] in the Circuit Court of the First Circuit (**Circuit Court**).[2]

The points of error set forth in Keeley's opening brief fail to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and, while overlapping with each other, the points of error fail to identify significant issues argued on appeal. Nevertheless, this court observes the policy of attempting to permit litigants the opportunity to have their cases heard on the merits, to the extent possible. See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994). Thus, we will construe the points of error on appeal as contending that the Circuit Court: (1) abused its discretion in denying Keeley's post-judgment motion to disqualify Thaddeus's counsel based on an alleged conflict of interest; (2) erred in entering the damages amount set forth in the default judgment; (3) abused its discretion in denying Keeley's motion to set aside the default judgment; and (4) abused its discretion in granting sanctions against Keeley.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Keeley's contentions as follows:

---

[1] The Marguerite M. Ziemlak Revocable Living Trust will be referred to herein as the **Marguerite Trust**.

[2] The Honorable Karl K. Sakamoto presided.

2

(1)   There are a number of infirmities with Keeley's argument that the Circuit Court abused its discretion in failing to disqualify Thaddeus's counsel.  First, the record on appeal does not include an order entered by the Circuit Court disposing of Keeley's motion to disqualify Thaddeus's counsel, which motion was filed on July 15, 2014, after final judgment was entered in this case.  Even if we were able to review the denial of the disqualification request based on the minute order which appears in the record, we note that Keeley's motion to disqualify was based on Thaddeus's claim in this case against the Estate of Stanley F. Ziemlak (the **Stanley Estate**) (and not on any alleged adversity to Keeley, who does not claim to be a client or former client of Thaddeus's attorney, or a beneficiary of the Stanley Estate).  However, as reflected in the Circuit Court's July 9, 2014 Judgment, judgment was entered in favor of Thaddeus, in his capacity as Successor Trustee of the Marguerite Trust, and against Keeley in the amount of $539,900, Keeley's third-party complaint was dismissed without prejudice, and all other claims, counterclaims, or cross-claims were dismissed without prejudice. Thus, before Keeley filed her motion, Thaddeus's claim against the Stanley Estate, which had been filed on behalf of the Marguerite Trust, was dismissed.  The dismissal of this claim is not challenged on appeal.  For these reasons alone, Keeley is not entitled to relief on this appeal and we need not further address her arguments that the Circuit Court abused its discretion in denying her post-judgment motion to disqualify Thaddeus's attorney.

(2 & 3)  On February 26, 2013, roughly a month after an entry of default based on Keeley's failure to answer the complaint, the clerk of the circuit court entered a Default Judgment against Keeley in the amount of $539,900 in damages. Keeley argues, *inter alia*, that this amount of damages was inherently flawed because the allegations of the First Amended Verified Complaint include that $169,900 was withdrawn from the Marguerite Trust's account and used to purchase certain real property in North Carolina, that an additional $100,000 was withdrawn from the Marguerite Trust's account, and that the subject North Carolina property was later sold for $270,000 and the property sale proceeds were not paid to the Marguerite Trust, but the damages amount of $539,900 "double counts" the amounts taken from the accounts to buy the North Carolina property and the proceeds of the sale of the North Carolina property.

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 55 provides, in relevant part:

**Rule 55.  Default.**

(a)  **Entry.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b)  **Judgment.**  Judgment by default may be entered as follows:

(1)  BY THE CLERK.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2)  BY THE COURT.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless

4

represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

(c)  **Setting aside default.**  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

(d)  **Plaintiffs, counterclaimants, cross- claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).[3]

This court has previously explained:

Pursuant to HRCP Rule 55, a judgment by default involves two steps: (1) the entry of default by the court clerk when it is made to appear, by affidavit or otherwise, that a defending party on any claim has failed to plead or otherwise defend; and (2) the entry of default judgment. *See* J. Moore, 10 *Moore's Federal Practice* § 55.10 (3d ed. 2002).

Where default judgment is entered by a court clerk rather than by the court itself, HRCP Rule 55(b)(1) provides that three requirements must be met before a default judgment can be entered:  (1) the plaintiff's claim against the defendant must be for a sum certain or for a sum which can, by computation, be made certain; (2) default must have been entered against the defendant because the defendant failed to appear, and (3) the defendant must not be an infant or incompetent person.

Casuga v. Blanco, 99 Hawai'i 44, 50-51, 52 P.3d 298, 304-05 (App. 2002).

---

[3]   HRCP Rule 54(c) provides:

(c)  **Demand for judgment.**  A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.  Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

We construe Keeley's arguments to contend that the amount claimed in the First Amended Verified Complaint was not for a sum certain or a sum which, by computation, can be made certain and therefore her motion to set aside the clerk's default judgment damages award should have been granted. We agree. Although it appears that the amounts taken from the Marguerite Trust account were for a sum certain, a judicial determination is necessary to decide, *inter alia*, whether and to what extent a damages award should be made based on the proceeds from the sale of the North Carolina property.[4] See <u>Perry v. Williams</u>, 135 Hawaiʻi 142, 147-48, 346 P.3d 211, 216-17 (App. 2015); <u>see also</u>, e.g., <u>Binkley v. MP Auto, LLC</u>, CAAP-12-0000564, 2015 WL 8527336 at *2-*3 (Hawaiʻi App. Dec. 9, 2015) (SDO); <u>Ledcor - U.S. Pac. Constr. LLC v. Joslin</u>, CAAP-12-0000041, 2014 WL 5905077 at *7 (Haw. App. Nov. 13, 2014) (mem. op.). As the claim in the First Amended Verified Complaint for the additional $270,000, for example, cannot be construed as a sum certain, the requirements of HRCP Rule 55(b)(1) were not met, and the clerk was without authority to enter a default judgment for damages. Thus, the Circuit Court erred in denying Keeley's motion to set aside the Default Judgment because the Default Judgment by the clerk was void. <u>Perry</u>, 135 Hawaiʻi at 147-48, 346 P.3d at 216-17.

Keeley also appears to argue that the Circuit Court erred in failing to set aside the default entered against her.

---

[4] In addition, based on paragraph 7.10 of the Marguerite Trust, which was referenced in and attached to the First Amended Verified Complaint, it appears that an annual withdrawal of the greater of $5,000 or five percent of the principal assets was allowed, which renders further uncertainty to the damages amount.

Hawai'i courts follow the test established in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976), to determine whether to set aside an entry of default:

> [A] motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

However, "[i]f a movant fails to meet any one prong of the test, a trial court does not abuse its discretion in refusing to set aside a default judgment." Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 439, 16 P.3d 827, 844 (App. 2000), citing Park v. Tanaka, 75 Haw. 271, 281, 859 P.2d 917, 922 (1993) (no meritorious defense); Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 236, 797 P.2d 1316, 1321 (1990) (inexcusable neglect and wilful act).

Here, we conclude that the Circuit Court did not abuse its discretion when it determined, *inter alia*, that Keeley failed to show that the default was not the result of inexcusable neglect or a wilful act. As noted in the Circuit Court's order, it was established that Keeley speaks and writes English, she has familiarity with the legal process, and counsel for Thaddeus reminded her to answer the complaint before he sought entry of default. Indeed, there was evidence that Keeley had experience retaining counsel (four times), that she had been both a plaintiff and a defendant in prior suits, and that as a plaintiff in a prior suit, Keeley herself was granted an order for entry of default. In addition, prior to the complaint being filed herein, first through her then-counsel and then directly, Keeley was sent

7

demand letters and was told that Thaddeus's attorney was authorized to draft a complaint and commence suit. We conclude, therefore, that the Circuit Court did not abuse its discretion in denying Keeley's various motions seeking relief from the entry of default.

(4) On May 13, 2014, Thaddeus filed a motion for sanctions under HRCP Rule 11 (**Motion for Sanctions**) against Keeley for presenting her January 16, 2014 motion for relief from judgment or order. Thaddeus argued that "[t]his was the third time . . . Keeley filed, essentially, the same motion for relief from the Default Judgment filed February 26, 2013. She presented no new evidence and in many instances repeated the same arguments she had previously made." After further briefing and a hearing, on June 24, 2014, the Circuit Court entered an order granting the Motion for Sanctions noting, *inter alia*, the repetitive filings and directing Keeley to pay $3,334.42 in attorneys' fees (plus interest until paid). On appeal, Keeley argues that she had good reasons to set aside the Default Judgment and therefore the court erred in granting sanctions. In light of our ruling that the Circuit Court erred in denying Keeley's motion to set aside the Default Judgment as void, we vacate the Circuit Court's Rule 11 sanctions against Keeley.

Accordingly, we affirm the January 24, 2013 entry of default by the clerk. We vacate the Circuit Court's June 24, 2014 Order Granting Motion for Sanctions, the July 9, 2014 Final Judgment, and the entry of Default Judgment by the clerk; this case is remanded to the Circuit Court for further proceedings

consistent with HRCP Rule 55(b)(2) and this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 30, 2017.

On the briefs:

Joseph A. Kinoshita,
Bruce F. Sherman,
for Defendant-Third Party
 Plaintiff-Appellant.

Kenn N. Kojima,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

DISSENTING OPINION BY NAKAMURA, C.J.

The majority affirms the January 24, 2013, entry of default by the Clerk of the Circuit Court (Clerk's Entry of Default) that was based on Defendant-Appellant Ji Won Keeley's failure to file a timely answer to the amended complaint. In my view, the Circuit Court abused its discretion in failing to set aside the Clerk's Entry of Default and the ensuing default judgment. I believe the Circuit Court should have permitted Keeley to answer the amended complaint and to challenge the claims asserted against her on the merits. I therefore respectfully dissent from the majority's decision to affirm the Clerk's Entry of Default.

I.

The original complaint initiating this case was filed on October 16, 2012, but there is no indication that this complaint was served. A "First Amended Verified Complaint" (amended complaint) was filed on December 11, 2012, and served on Keeley on December 28, 2012. On January 24, 2013, Plaintiff-Appellee Thaddeus Ziemlak, as Successor Trustee of the Marguerite M. Ziemlak Revocable Living Trust (Thaddeus) requested entry of default against Keeley, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 55(a) (2000), based on Keeley's failure "to answer [the amended complaint] or otherwise move[.]" On January 24, 2013, the Clerk of the Circuit Court entered the Clerk's Entry of Default against Keeley. On February 26, 2013, the Circuit Court entered a default judgment against Keeley with respect to both liability and damages.

On March 15, 2013, less than three months after she was served with the amended complaint, Keeley filed a motion to set aside the Clerk's Entry of Default and the entry of default judgment against her (Motion to Set Aside Default). Keeley attached her proposed answer to the amended complaint to this motion. On March 15, 2013, Joseph A. Kinoshita, Esq., also filed an appearance as counsel for Keeley. In her pleadings in support of her Motion to Set Aside Default, Keeley asserted, among other

things, that her failure to file a timely answer to the amended complaint was based on her inability to retain counsel. She further asserted that she had good and reasonable grounds to deny the claims made against her in the amended complaint, including that trust provisions relied upon by Thaddeus did not support his allegations of excessive withdrawals from the Marguerite M. Ziemlak Revocable Living Trust (Marguerite Trust); that Keeley was not responsible for the alleged excessive withdrawals from the Marguerite Trust; that Stanley F. Ziemlack (Stanley), the husband of Marguerite M. Ziemlak (Marguerite) and the then trustee of the Marguerite Trust, was responsible for the withdrawals; that Keeley did not influence Stanley about Stanley's property or Marguerite's property; and that the probate court was the more appropriate forum for the disputes raised in Thaddeus' amended complaint.

## II.

It is well established that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976). The Hawaiʻi Supreme Court has established the following standard for evaluating a motion to set aside a default entry or a default judgment:

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

Id. at 77, 549 P.2d at 1150 (citations omitted).

In my view, Keeley satisfied the requirements for setting aside the Clerk's Entry of Default and the entry of default judgment against her. The only factor specifically addressed by the Circuit Court in its order denying Keeley's

2

Motion to Set Aside Default was the third factor -- whether the default was the result of inexcusable neglect or a wilful act. In support of its denial of the motion, the Circuit Court found that Keeley speaks and writes English, has some familiarity with the legal process, and had been reminded by Thaddeus' counsel to answer the complaint before entry of default was sought.

However, Keeley asserted that her failure to file a timely answer to the amended complaint was based on her inability to retain counsel. In my view, a short delay in filing an answer to a complaint due to the inability to retain legal counsel does not constitute "inexcusable neglect or a wilful act." I therefore conclude that the Circuit Court abused its discretion in denying Keeley's Motion to Set Aside Default, and I respectfully dissent from the majority's decision to affirm the Clerk's Entry of Default.

*Craig H. Nakamura*